Filed 6/16/26  P. v. Bailey CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065058, G065063 |
| v. | (Super. Ct. Nos. 15CF0461, 15NF0627) |
| MAURICE WAYNE BAILEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Walter P. Schwarm, Judge. Affirmed.

Law Offices of John F. Schuck, and John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

After Maurice Wayne Bailey pled guilty to multiple domestic violence felony charges and one burglary charge, he was sentenced to a total of 20 years 4 months in state prison. After the Legislature invalidated an

enhancement and provided a mechanism for recall and resentencing, Bailey filed a resentencing motion. Following full resentencing, the trial court imposed a total sentence of 18 years 8 months. Bailey appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. Bailey filed a supplemental letter brief. As discussed below, after independently reviewing the record, we find no reasonably arguable issues on appeal. We therefore affirm the postjudgment order.

I.

FACTUAL BACKGROUND

A. *Domestic Violence Case*

On March 18, 2016, in Orange County Superior Court case number 15CF0461, Bailey pled guilty to three counts of willful infliction of corporal injury with a prior conviction (Pen. Code, § 273.5, subd. (a)[1]; counts 1, 2, 3), criminal threats (§ 422, subd. (a); count 4), and false imprisonment by force (§§ 236, 237; count 5). He also admitted inflicting great bodily injury as to counts 1, 2, and 3 (§ 12022.7, subd. (e)), and using a deadly weapon, a cord, as to count 1 (§ 12022, subd. (b)). Finally, he admitted having served a prior prison term.

As to the factual basis for the plea, Bailey admitted: "In Orange County, California, on 3/5/2015 I willfully & unlawfully inflicted corporal injury in a traumatic condition on [J.D.], the mother of my child to wit: Count (1) – beat her with a cord on her arms, legs & back resulting in open flesh wounds; Count (2) – burned her tongue with a hot flat iron resulting in a blister to her tongue; Count (3) – burned her vagina & inner thigh with a hot

---

[1] All further statutory references are to the Penal Code.

2

flat iron resulting in a burn to the vagina & thigh. I admit I was previously convicted of [section] 273.5 within 7 years on 12/5/14 . . . I personally inflicted the above great bodily injury on [J.D.] during the commission of the above felonies during domestic violence circumstances. I personally use the cord, a deadly & dangerous weapon during Count (1). I also willfully and unlawfully threatened to burn [J.D.]'s face w/ the flat iron which would result in great bodily injury with the specific intent that the threat be taken as a threat & it was unequivocal, unconditional, immediate & specific with a gravity or purpose & immediate prospect of execution . . . & [J.D.] was in reasonable sustained fear of her safety; I also violated [J.D.'s] personal liberty by force & fear by detaining her in the hotel room by tying her up with a phone cord against her will & beating her when she tried to escape the room."

Bailey was sentenced to a total of 19 years 4 months in prison, including one year for the prison prior enhancement.

B. *Burglary Case*

On March 18, 2016, in Orange County Superior Court case number 15NF0627, Bailey entered a guilty plea to second degree burglary (§§ 211, 212.5, subd. (c); count 1), and admitted a prison prior allegation. As the factual basis for this plea, Bailey admitted: "In Orange County, California, on 3/8/15 I did willfully & unlawfully by force & fear take the personal property against the will of & from the person of [V.R.] to wit: took [V.R.'s] cell phone from his hand after grabbing his throat & demanding the phone & money & I bit him on the arm while trying to get away with the phone." He was sentenced to one year in prison, consecutive to the sentence in Orange County Superior Court case no. 15CF0461. The sentence for the prison prior was stricken for sentencing only.

C. *Resentencing*

3

On June 11, 2024, represented by the public defender, Bailey filed a motion for resentencing pursuant to section 1172.75. The motion argued the one-year prior prison enhancement was invalid and he was entitled to full resentencing. In the attached memorandum, Bailey proposed a reduction of his sentence to a total of 6 years.

The district attorney filed a response, acknowledging Bailey's eligibility for resentencing relief under section 1172.75. The district attorney argued that aside from invalidating the one-year prison prior, the trial court should not further reduce Bailey's sentence because imposing a lesser sentence would endanger public safety. The district attorney argued Bailey's extensive criminal history, the circumstances of the convictions, his postconviction conduct, which included 25 serious rules violations, and his lack of remorse and accountability demonstrated he poses a threat to public safety.

On December 17, 2024, a hearing was held on Bailey's section 1172.75 resentencing motion. The trial court found imposition of a lesser sentence would endanger public safety. The trial court resentenced Bailey to a total term of 18 years 8 months in prison.

II.

DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief, Bailey's supplemental letter brief, and the appellate record.

Our independent review of the entire record does not show the existence of an arguable issue. (*Wende*, *supra*, 25 Cal.3d at pp. 442–443.) The trial court's finding that a lesser sentence would endanger the public was supported by substantial evidence, including Bailey's criminal history and postconviction conduct. The sentence imposed was within the court's

4

discretion based on the convictions and the aggravating and mitigating factors. (See *People v. Garcia* (2024) 101 Cal.App.5th 848, 858 ["[W]e review for an abuse of discretion a superior court's decision under section 1172.75, subdivision (d)(1), that reduction of a defendant's sentence would endanger public safety"].)

Bailey's supplemental letter brief raises ineffectiveness of counsel at the resentencing hearing, but presents no reasoned argument showing counsel's deficient performance or prejudice arising from that performance. Although he argues counsel should have presented more argument at the hearing, he neglects the extensive written briefing in the matter. He also raises allegedly newly discovered evidence about "false identity," including an incorrect birth date attributed to him in police records, but presents no reasoned argument on how the evidence undermined his guilty pleas or would be a mitigating factor to reduce his sentence. In sum, Bailey presents no reasoned argument identifying any error in the resentencing. Consequently, we affirm the judgment. (*Wende, supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


MOTOIKE, P. J.


SANCHEZ, J.

5